# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALETA ROSE GOODWIN; et al.,<br><br>　　　　　　Plaintiffs - Appellants,<br><br>v.<br><br>COUTRYWIDE HOME LOANS, INC., A New York corporation; et al.,<br><br>　　　　　　Defendants - Appellees.<br><br>and<br><br>FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR OF FANNIE MAE AND FREDDIE MAC,<br><br>Intervenor. | No. 11-17667<br><br>**District Court No. 3:09-cv-00306-ECR-PAL**<br>**District of Nevada, Reno**<br><br>**REPLY BRIEF OF APPELLANTS** |

Robert R. Hager
Treva J. Hearne
HAGER & HEARNE
245 E. Liberty St., Ste. 450
Reno, NV 89501
Tel: (775) 329-5800
Fax: (775) 329-5819

1

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................3

I.   REPLY ARGUMENT TO THE OPPOSTION OF THE APPELLEES.........4

A.   The Appellants do have a right to complain in the appeal about the ill conceived transfer by the Panel because the result of the ill conceived transfer which was not known until the MDL Court effected the split of claims, prejudiced the Appellants.................................................................4

B.   The demanding standards of fraud must adjust to the circumstances of the fraud. ...................................................................................................7

C.   Unjust enrichment is a valid claim if the District Court had examined the parties to the contract. ...................................................................................9

II.   CONCLUSION...............................................................................................12

III.   STATEMENT OF RELATED CASES .......................................................12

VI.   CERTIFICATE OF COMPLIANCE...........................................................13

CERTIFICATE OF SERVICE...............................................................................13

# TABLE OF AUTHORITIES

**Cases**

Carpenter v. Longan, 83 U.S. 271, 274-275 (1872)............................................10

*Committee on Children's Television, Inc. v. General Foods Corp.,* 35 Cal.3d 197, 197 Cal.Rptr. 783 (1983) ........................................................................8

*GA Escrow v. Autonomy Corp., PLC*, 2008 WL 4848036, *6 (N.D. Cal. 2008)..............................................................................................................9

*LeasePartners Corp. v Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1987)..............................................................................................................9

*Shum v. Intel Corp.*, 630 F.Supp.2d 1063, 1073 (N.D. Cal. 2009)...................9

## **REPLY BRIEF OF APPELLANTS**

### I. REPLY ARGUMENT TO THE OPPOSTION OF THE APPELLEES

**A. The Appellants do have a right to complain in the appeal about the ill conceived transfer by the Panel because the result of the ill conceived transfer which was not known until the MDL Court effected the split of claims, prejudiced the Appellants.**

The Appellants chose to plead the alternative theories and combined theories of relief in a manner that best portrayed the incredible betrayal by the lending industry to these borrowers.  Undeniably the circumstances of the mortgage backed securities that fueled the "loan money to anyone while not disclosing the risks and betting on the inevitability of foreclosure" debacle that has continued to devastate the economy, does not have legal precedent.  Appellants focused on the existence of MERS as a means for the servicer banks, the Defendants herein, to ignore the requirements of the statute of frauds, the UCC and other State laws requiring that conveyance of real estate be accorded some certainty by written documentation, transparent assignments of interests, and forthright revelations of the parties involved in the transaction.

The fact is that economists, politicians, government regulators, investors and borrowers were all caught unaware at the shocking impact of such flagrant abuses of the longstanding real estate transfer laws. Determining how the servicer banks were able to literally and effectively swindle the entire country has been somewhat difficult to articulate. Appellants have stated the claims that appeared to be the best fit for the worldwide fraud that occurred. The specificity requirements of fraud contemplate that the servicer bank CEO's sat around a table, discovered that a huge reserve of funds existed in the equity in the homes of the citizens of this country, made a formal plan of how to take that equity, translate it into money and then steal it. The sophisticated mortgage backed securities fraud that occurred in the beginning of this century was not that simple nor self evident.

     The Appellants pled those claims for relief that attempted to stop the obvious damages to the borrowers because of the sophisticated fraud. The obvious relief sought was to keep borrowers in their homes and require the servicer banks to be required to mitigate the devastation they had caused. Unjust enrichment was an adjunct to the claims pled because if, as pled, there were not contracts nor any valid assignment of interest nor any express agency in favor of the servicer banks, then the servicer banks were

receiving payments from the borrowers without right and, were, thus, unjustly enriched. This claim relied upon the fraud claim and the facts demonstrating the lack of beneficial right to payment by the servicer banks.

The acts of the MDL Court in splitting the claims differently and arbitrarily splitting claims to the detriment of the Appellants is the crux of this part of the appeal. No writ was available to stop the Panel from allowing the MDL Court make such arbitrary decisions. No litigant could have predicted the prejudice that occurred until it was over and the transfers had been decided which occurred over a two year period. The proper relief is through an appeal, not a Writ against the Panel.

The argument by the servicer banks is again an attempt to take a complicated situation and reduce it to an anachronistic rule that does not apply. A complete description of the reasons for Multi District Litigation demonstrates why what the MDL court did in interpreting the MDL Panel Order was arbitrary and prejudicial to the Appellants.

The difficulty for Appellants is the multi faceted approach in the MDL and, again, by appealing snippets and parts of a case that should never have been split in the manner that occurred. Thus, the Appellants, like the Appellees, incorporate the Appellants' briefs filed in the matter of *Robinson*

*v. American Home Mortgage Servicing, et al., Case No.11-17615,* as if fully set out herein.

## B. The demanding standards of fraud must adjust to the circumstances of the fraud.

This complaint is a few pages trying to describe the largest deception that resulted in the most effective devastation of the economy of the United States in its history and, in particular, the effect on borrowers. Borrowers relied upon the history with banks in this country. Banks loaned money because they made money and the premise of that loan was that it would be paid back with interest. What Appellants have described is another undisclosed pattern of lending wherein the servicer banks didn't loan the money and bet on the failure of repayment as a means of making profits.

A similar generalized pleading sounding in fraud was presented to the California Supreme Court and that Court acknowledged the difficulty in pleading patterns of generalized activity that result in damages to individuals.

Important policy considerations also argue against requiring plaintiffs to set out the specific language of each advertisement. Plaintiffs allege that defendants carried out a large scale program of deceptive advertising in which the specific advertisements change constantly, but all

7

follow a pattern of making, in one form or another, certain misleading and deceptive representations. If such is the case, to require plaintiffs to plead the specifics of each advertisement would render a suit challenging the overall program impractical. The complaint would have to include thousands of pages setting out specifics which are largely within defendants' knowledge. The cost and difficulty of compiling, organizing, and setting down the information would seriously deter the filing of any such complaint. The effect of such a pleading requirement, moreover, would not be limited to discouraging private suits; it would also seriously hamper suits by public officials seeking to enjoin schemes of unfair competition and deceptive advertising. *Committee on Children's Television, Inc. v. General Foods Corp.,* 35 Cal.3d 197, 197 Cal.Rptr. 783 (1983) (superseded by statute on other grounds)

      The servicer banks know exactly what the claims of the Appellants are based upon and the allegations have been repeated numerous times.  The Appellees rely on an archaic system to protect them from the sophistication of the modern complicated fraud upon the public.   The District Court's dismissal of the claims of the Appellees should be reversed.

## C. Unjust enrichment is a valid claim if the District Court had examined the parties to the contract.

The Appellants argued to the District Court that the express contract that the District Court relied upon to dismiss the unjust enrichment claim was not a contract between the servicer bank and the borrower. Those express contracts were with the initial brokers who assigned their interests as pled in the Complaint. (ER 45-121). This argument has not changed.

Unjust enrichment returns that which defendants obtained from plaintiff as a result of their wrongful conduct. See, *Shum v. Intel Corp.*, 630 F.Supp.2d 1063, 1073 (N.D. Cal. 2009). While a cause of action for unjust enrichment is not typically available in actions where there is an express contract, that rule only applies in situations where the subject express contract is **between the parties**. *GA Escrow v. Autonomy Corp., PLC*, 2008 WL 4848036, *6 (N.D. Cal. 2008).

For example, in *LeasePartners Corp. v Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1987), the Court approved an unjust enrichment claim against a party who had no written contract with the plaintiff:

> In the instant case, a written contract existed between Brooks Trust and Danzig Corp., and a written contract existed between LeasePartners and Danzig Corp. However, no written contract existed

9

> between LeasePartners and Brooks Trust. Therefore, we conclude that there was no "written agreement" as contemplated by either Lipshie or 66 Am.Jur.2d Restitution § 11, and a claim for restitution (and unjust enrichment) was not barred on this ground.

*Id.*

Here, Defendants did not originate Appellants' loans, nor did they, at any time, enter into an express agreement with Plaintiffs whereby Plaintiffs assumed any obligation owed to Wells Fargo or Bank of America.

Although Defendants may allege they are assignees of the original lenders or trustees, entitling them to an interest in the original mortgage contract, note, and/or deed of trust, any alleged assignments to Defendants were a nullity. It is long-established that the transfer of a note carries with it the security without any formal assignment or delivery, and that "[t]he note and mortgage are inseparable; the former as essential, the latter as incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." *Carpenter v. Longan,* 83 U.S. 271, 274-275 (1872). Plaintiffs are informed and believe that prior to the Defendants' acquisition of any interest in Plaintiffs' mortgages, the deeds of trust and notes were severed such that the deeds of trust, the "contracts" referred to by Defendants in their Motion to Dismiss, are, therefore, invalid.

The actual premise for Appellants' cause of action for unjust enrichment as against Appellees is that Appellants entered into mortgages in reliance upon the history of borrowing in this country, that they were borrowing from a bank that would not loan them money if there was a risk of it not being repaid. As stated above, that was not the circumstance. As a

result, Appellees have received and retained profits and monies to which they were not entitled and, thus, have retained and continue to retain those ongoing and escalating profits in the form of monthly payments to the detriment of Appellants contrary to the fundamental principles of fairness, justice, and good conscience.

Appellants further alleged and argued to the District Court that the Appellees have received in addition to payments from the Appellants have received money from both the Federal Government, insurance companies and from other exotic instruments cashing in on the default by the Appellants and thus have obtained far more money from the subject loans than they should have.  If Appellees were permitted to seek further payment on those loans, they would essentially be receiving a double recovery of unjust enrichment when the Appellants did not provide the funds for the loans to the borrowers.

However, the basic crux of the argument by the Appellants has been and continues to be, an express written contract between parties other than the parties to the litigation cannot bar a claim of unjust enrichment without further analysis of why that written contract would bar this claim for unjust enrichment.  The District Court accepted the express contract as a bar to the claim and went no further.

### D. **Response to MTC Financial regarding the claims of Victor Parece.**

Appellant Victor Parece suffers from attempting to assign actions to a moving target.  As in most instances of the servicing banks, assignments of the right to service the loan are happening at unprecedented frequencies.

After the filing of this complaint, Appellee Trustee Corps is correct, Taylor, Bean & Whitaker Mortgage Corp. went into bankruptcy, out of business and its CEO sent to prison for predatory lending. For this reason Taylor Bean & Whitaker could not seek foreclosure on the home.

Because of Trustee Corps representation of Taylor, Bean & Whitaker in this matter, Trustee Corps is claiming that it has no further authority to foreclose and its dismissal should be upheld. Trustee Corps completely ignores the fact that the servicer that it represented went into bankruptcy and its CEO sent to prison for the predatory lending practices of the institution. These facts alone should support the fraudulent activities of the agent and its principle in seeking to foreclose on Parece, not support a dismissal.

## II.  CONCLUSION

The Appellants respectfully incorporate the entirety of the briefing in the matter of *Robinson v. American Home Mortgage Servicing, Case No. 11-17615,* and respectfully request that this Court consider all the arguments in this bifurcated MDL litigation together for review.

## III.  STATEMENT OF RELATED CASES

Plaintiff/Appellant is not aware of any related cases pending in this Court, as defined in Ninth Circuit Rule 28-2.6.

## VI. CERTIFICATE OF COMPLIANCE

I certify that pursuant to Fed. R. App. P 32(a)(7)( C) and the Ninth Circuit Rules 32-1, the attached opening brief is proportionately spaced with a typeface of 14 points, in Georgia font, generated in the Microsoft Word processing software, and contains approximately 13 pages, containing 2,395 words.

DATED this 5th day of October, 2012.

                                            */s/ Treva J. Hearne*

                                            TREVA J. HEARNE, ESQ.
                                            HAGER & HEARNE
                                            245 E. Liberty St., Suite 110
                                            Reno, NV 89501
                                            (775) 329-5800
                                            Attorney for the Appellants

## CERTIFICATE OF SERVICE

I certify that I am an employee of HAGER & HEARNE and I hereby certify that on today's date the REPLY BRIEF was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

October 5, 2012

                                                                    */s/ JENNIFER SHARP*